United States District Court
Southern District of Texas
**ENTERED**
May 19, 2021
Nathan Ochsner, Clerk

United States District Court     Southern District of Texas

| | |
|---|---|
| James Parker, § § Plaintiff, § § versus § § Andrew Saul, § § Defendant. § | Civil Action No. H-20-2771 |

# Opinion on Summary Judgment

1. *Introduction.*

The question presented is whether substantial evidence supports the commissioner's decision that under the Social Security Act James Parker is not disabled.

2. *Standard of Review.*

James Parker initiated this action for judicial review of the commissioner's final decision finding him not disabled under the Social Security Act and denying him supplemental security income. 42 U.S.C. § 405(g).

Judicial review is limited to determining whether substantial evidence in the record supports the commissioner's decision. Substantial evidence means such relevant evidence as a "reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A decision unsupported by substantial evidence is arbitrary and must be overturned.

3.  *Statutory Criteria.*

The law lays out a five step test to determine if a claimant is disabled. First, one is not disabled if they can perform "substantial gain activity." Second, one is not disabled if an impairment or a complex of impairments is not severe. Third, one is disabled if their impairment(s) severity meets or medically equals the criteria of a listed impairment. If the severity does not meet or equate to a listed impairment, one's residual functional capacity must be found. Fourth, one is not disabled if their residual capacity is enough to perform past relevant work. Fifth, one is not disabled if, considering their residual capacity, age, education, and experience, they can perform any other work. 20 C.F.R. §§ 416.920(b)-(g).

4.  *Evidence.*

A. *Background.*

On December 8, 2017, claimant James Parker filed an application for supplemental security income for an alleged disability which began December 30, 2015. Parker later amended his application, alleging his disability began on December 8, 2017.

Parker is a 54-year-old man. He is 5 feet and 6 inches tall and weighs roughly 265 pounds. Parker says that he is disabled because he has:

1. Shoulder deterioration, calcification, and front shoulder arthritis;
2. Arthritis in both knees;
3. Lung growths, decreased lung capacity, and breathing problems;
4. Right hip joint pain;
5. Mid-spine degeneration and disk infiltration;
6. Decreased heart tissue blood supply, lower heart chamber-wall rigidity, mild heart wall rigidity, and increased ventricular uptake;
7. Outer right wrist nerve dysfunction and carpal tunnel;
8. Obesity; and
9. Bipolar disorder.

Parker has a high-school education with no additional trade education. He has worked most recently as a gas station cashier and in the past has worked as a cook, a laborer, and a security guard.

The hearing officer concluded, based on medical evidence and vocational expert testimony, that Parker was not disabled. The officer found that Parker's impairments did not match or equal a listed, disabling impairment. The heaing officer also found Parker's residual capacity was enough to continue his work as a cashier. The hearing officer alternatively found that Parker could work as a mail clerk, office helper, or electronics worker.

B. *Application.*

The officer correctly found that Parker was not disabled under the Social Security Act from December 8, 2017 to July 1, 2019. The process she followed was proper.

Parker had not been gainfully employed. Parker was in fact performing substantial gainful activity since December 8, 2017. While he was not paid, Parker answered phones for two to three hours a day as needed at Turning Point. He worked in August of 2018 as a manager at maintanance, requiring 60 hours of work a week. He also put up Christmas lights at Turning Point in 2017. While he was not paid, these are all activities where one is usually paid. These activities require significant physical and mental activity. These activities could constitute substantial gainful activity.

Parker has sufficient impairments from his shoulder, wrist, and knee problems, his lung, heart, and spine issues, his obesity, and his bipolar disorder. Parker does not have an impairment or a combination of impairments which meet the severity required. The officer correctly found that Parker's residual capacity was enough to function at his old cashier job. Alternatively, the officer correctly found that Parker had sufficient residual capacity to adjust to a new job.

The officer considered all evidence from December 8, 2017 to July 1, 2019. Parker's account of the severity and impact of his impairments is inconsistent with objective medical evidence and other data in the record. The vocational expert testimony shows Parker is able to perform light work with some restrictions, sitting for five minutes after 30 minutes of walking or standing. For instance, Parker can alternate between standing and sitting while working a cash register.

C. *Parker's arguments.*

Parker argues that mathematically this prescription to sit for five minutes precludes him from performing light work. This is incorrect because Parker misunderstands this regimen to pertain to the time he is able walk or stand. Parker, incorrectly applying this protocol, concludes that it limits him to five hours of standing or walking per day. The regimen pertains instead to the work day, which is eight hours. If Parker were to work in accordance with this prescription, he would accomplish six hours of standing or walking in seven hours, well within the constraints of an eight hour work day even with a generous break. Parker would have little trouble performing six hours of standing or walking work during a typical work day, which would put him in the category of light work. His calculation is additionally wrong because it treats the five minutes of sitting as being contained in the 30 minutes of standing. Six hours of this protocol would yield five hours and ten minutes of walking or standing, not five hours of walking or standing.

Parker also mistakenly suggests the inability to do the full range of light work relegates someone instantly to sedentary work. The ability to perform the full range of light work necessarily directs a finding of not disabled. The presence of some limitations to the full range of light work necessitates a determination of "the extent to which these limitations erode the unskilled light occupational base." This is precisely why the vocational expert was obtained, to determine whether Parker is able to do "past relevant work." The vocational expert said

that Parker could perform his past job as a cashier and alternative jobs with substantial presence in the national economy. The ability to do "past relevant work" or "other work" which comports with one's age, education, and work experience necessitates a finding of not disabled.

Parker's argument that Grid Rule 201.10 forces a finding of disabled would cohere if Parker was in fact constrained to sedentary work. Since Parker is capable of performing light work as a cashier or alternative light work as a mail clerk, office helper, or electronics worker, Grid Rule 201.10 does not apply to him. The hearing officer was correct in not applying Grid Rule 201.10.

5. *Conclusion.*

The commissioner's decision denying James Parker's claim for supplemental security income is supported by substantial evidence and will be affirmed. James Parker will take nothing from Andrew Saul.

Signed on May 19, 2021 at Houston, Texas.

Lynn N. Hughes
United States District Judge